```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

Germaine R. Ruddick,

          Plaintiff,

vs.                                        Case No. 2:05-cv-472-FtM-29DNF

Chester Lambdin, D.W. Coleman, R.
Poccia, J. Blackwood, John Doe, and
R. Williams,

          Defendants.
_____

**ORDER**

     This matter comes before the Court upon initial review of the file. Plaintiff, an inmate currently incarcerated at Charlotte Correctional Institute, proceeding pro se and requesting to proceed in forma pauperis, filed a handwritten complaint entitled "Civil Rights Complaint" on October 3, 2005 (Doc. #1). Plaintiff claims he has been denied due process and subject to cruel and unusual punishment "by being subject to a falsified disciplinary hearing." Complaint, page 1. Plaintiff seeks $90,000 in damages. Complaint, page 10.

     On April 26, 1996, the President signed into law the Prison Litigation Reform Act (hereinafter PLRA) which amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

>     prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This subsection, commonly referred to as the "three srikes" rule, only permits a prisoner to file "three meritless suits at the reduced rate." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). Section 1915(g) requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA. Rivera v. Allin, 144 F.3d 719, 730 (11th Cir.), cert. dismissed, 524 U.S. 978 (1998). The Court takes judicial notice of multiple filings brought by Plaintiff in a Court of the United States that were dismissed on the grounds that they were frivolous, malicious, failed to state a claim upon which relief may be granted or abused the judicial process[1]:

>     (1) Case No. 8:00-CV-01950 filed in the United States District Court, Middle District of Florida;
>
>     (2) Case No. 9:01-CV-08247 filed in the United States District Court, Southern District of Florida;
>
>     (3) Case No. 1:00-CV-03724 filed in the United States District Court, Southern District of Florida;
>
>     (4) Case No. 9:00-CV-09144 filed in the United States District Court, Southern District of Florida;
>
>     (5) Case No. 1:01-CV-618 filed in the United States District Court, Southern District of Florida;
>
>     (6) Case No. 9:01-CV-8453 filed in the United States District Court for the Southern District of Florida;

---

[1] In Rivera, the Court found that "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." Rivera v. Allin, 144 F.3d at 731.

    (7) Case No. 9:02-CV-22533 filed in the United States District Court for the Southern District of Florida.

Because Plaintiff has had three or more prior dismissals that fall within the parameters of Section 1915(g), and is not under imminent danger of serious physical injury, his application to proceed in forma pauperis will be denied and this action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $250.00 filing fee.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Plaintiff's application to proceed in forma pauperis (Doc. #4) is **DENIED**.

2. This case is hereby **DISMISSED** without prejudice.

3. The **Clerk of Court** shall: 1) enter judgment dismissing this case without prejudice; 2) terminate all pending motions; and 3) close the case file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __10th__ day of October, 2005.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record